Filed 8/4/22  P. v. Gay CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARIO GAY,<br><br>Defendant and Appellant. | C094522<br><br>(Super. Ct. No. STKCRFER20200010085) |

Defendant Mario Gay challenges the trial court's calculation of presentence custody credits on appeal.  We find the trial court failed to perform its duty to calculate presentence custody credits and remand the matter to the trial court for that purpose.

FACTS AND HISTORY OF THE PROCEEDINGS

On March 19, 2021, defendant pleaded no contest to one count of felony possession of a stolen vehicle and waived a probation report and time for sentencing.  On the same day, the trial court ordered defendant to serve 240 days in county jail and placed

1

defendant on two years informal probation. The court also awarded defendant 68 days of actual custody credit.

On May 10, 2021, defendant was arrested for sleeping in a stolen vehicle. The trial court found defendant violated probation. At his violation of probation sentencing hearing, defendant declined a probation report. The trial court proceeded to sentence him to three years in county jail. With regard to the credits, the court stated: "154 actual days, the sheriff will calculate any good time or work time credits. There will be no split on this." The minute order noted the conduct credits would be "calculated pursuant to PC [Penal Code] 4019 at two for four." The abstract of judgment reflected the award of only 154 days of presentence custody credit. Defendant timely appealed.

While this appeal was pending, defendant sent a letter to the trial court, requesting presentence custody credits for the 240 days he served in the county jail. The trial court summarily denied the request.

## DISCUSSION

On appeal, defendant contends he is entitled to presentence custody credits for the 240 days he served in county jail as a condition of probation. We conclude the trial court failed to perform its duty to calculate presentence custody credits.

The sentencing court has a statutory duty to calculate a defendant's actual credit and conduct credit and reflect the total in the abstract of judgment. (Pen. Code, § 2900.5, subd. (d); Cal. Rules of Court, rule 4.310; *People v. Buckhalter* (2001) 26 Cal.4th 20, 30; *People v. Becerra* (2019) 32 Cal.App.5th 178, 189 ["[a] trial court must calculate custody credits as part of the court's imposition of sentence and oral pronouncement of judgment"].) Where the trial court has failed to perform its duty, we cannot perform ours, and the matter must be remanded. (*Barber v. Long Beach Civil Service Com.* (1996) 45 Cal.App.4th 652, 660.)

Here, the trial court failed to calculate defendant's conduct credit at sentencing. Instead, it delegated the duty to the sheriff. This is improper. Moreover, nothing in the record reflects defendant's conduct credit, calculated by either the sheriff or otherwise. We are further unable to ascertain the accuracy of the trial court's award of actual credit because defendant's custody status between March 19, 2021, and May 10, 2021, was unclear. The record contains no release date, or any conduct credit defendant earned during that time. Thus, we cannot determine whether the trial court accurately calculated defendant's total presentence custody credits at the violation of probation sentencing hearing. Because the trial court failed to perform its duty, we remand the matter.

## DISPOSITION

The matter is remanded to the trial court to calculate defendant's actual credit and conduct credit and state the total presentence custody credits in the abstract of judgment.

 

_____

HULL, J.

We concur:

_____

ROBIE, Acting P. J.

_____

KRAUSE, J.

3